IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. HAYES,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD CITY POLICE DEPARTMENT,<br><br>Defendant. | No. 2:23-CV-2380-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 6.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that

complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action while in county custody with a pro se complaint filed on October 19, 2023. See ECF No. 1. In the original complaint, Plaintiff named "Fairfield City Police Department" as the sole defendant. Id. at 1. Before the Court could screen Plaintiff's original complaint, he filed a first amended complaint as of right on November 13, 2023. See ECF No. 6. Plaintiff no longer names "Fairfield City Police Department," instead now naming the following individuals as defendants: (1) Christopher Beck, an officer with the City of Fairfield Police Department; (2) Keith Pulsipher, an officer with the City of Fairfield Police Department; and (3) Christine M. DeLeo, a Solano County deputy district attorney. See id. at 2.

In his first claim, Plaintiff alleges that Defendant Beck executed a residential search warrant on April 7, 2022, based on the officer's affidavit. See id. at 3. According to Plaintiff, the warrant was executed with the assistance of a SWAT team, tear gas, drones and robotic rovers, and a battering ram used to gain entrance to Plaintiff's residence. See id. Plaintiff alleges the search warrant was "illegal." Id. Plaintiff seeks compensation for destruction of property during the course of executing the search warrant. See id.

In his second claim, Plaintiff alleges that he is being falsely imprisoned due to the illegal search and seizure on April 7, 2022. See id. at 4. Plaintiff indicates in this claim that Defendant Pulsipher was involved in executing the search warrant. See id.

In his third claim, Plaintiff alleges that Defendant DeLeo initiated a malicious prosecution against him on December 15, 2022, knowing that the search warrant executed on April 7, 2022, was illegal for lack of probable cause. See id. at 5.

As a result of the aforementioned conduct, Plaintiff claims that he lost his liberty and was required to pose a $750,000.00 bond to be released. See id. Plaintiff also states that he is being "[f]orced to go to a trial." Id.

## II. DISCUSSION

It is unclear from Plaintiff's amended complaint whether Plaintiff has been convicted based on charges which arose from evidence obtained through the search warrant, or whether Plaintiff is a pre-trial detainee awaiting trial on such charges. If the latter, the Court should abstain from hearing this matter until such time as criminal proceedings against Plaintiff are concluded. If the former, then Plaintiff's claims would be barred unless Plaintiff shows that the conviction has been set aside or invalidated. Plaintiff will be provided an opportunity to amend to clarify his allegations such as will allow the Court to evaluate the case consistent with the principles outlined below.

### A. Scenario One – Plaintiff is Awaiting Trial

Coupled with Plaintiff's incarceration in county custody, Plaintiff's allegations that he lost his liberty and could be released on bail suggest he is a pre-trial detainee awaiting a criminal trial in state court. Plaintiff's allegations also suggest that he is awaiting a criminal trial arising from evidence seized on April 7, 2022. If this is the case, this Court should abstain.

Under the Younger abstention doctrine, the federal court is barred from hearing cases involving civil rights claims arising from an ongoing criminal prosecution in state court. See Younger v. Harris, 401 U.S. 37 (1971). In some instances, the federal court may stay proceedings in the civil rights action pending the outcome of the state court criminal prosecution. See Wallace v. Kato, 127 S.Ct. 1091 (2007).

/ / /

/ / /

Because it is unclear whether Plaintiff is awaiting trial on state court criminal charges arising from evidence seized on April 7, 2022, the Court cannot determine whether Younger or Wallace apply. Plaintiff will be required to file an amended complaint to clarify his allegations.

### B. Scenario Two – Plaintiff Has Been Convicted

If Plaintiff has in fact been convicted as a result of a prosecution arising from evidence seized on April 7, 2022, and is incarcerated pursuant to that conviction, then his claims are likely barred.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, if Plaintiff has been convicted on charges arising from evidence seized on April 7, 2022, success on the merits of the pending civil rights claims would necessarily imply the invalidity of that conviction because it would have been obtained in violation of Plaintiff's Fourth Amendment rights. Plaintiff would not be able to proceed unless he can first show that the conviction was terminated in his favor by way of expungement, invalidation, or having been set aside. Again, Plaintiff will be required to file an amended complaint to clarify his allegations.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: May 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE