IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRFIELD CITY POLICE DEPARTMENT,<br><br>　　　　Defendant. | No. 2:23-CV-2380-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 18.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Wilborn v. Escalderon,

1

789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not find the required exceptional circumstances. Plaintiff states that he requires the assistance of counsel because he lacks legal expertise, is indigent, and is diagnosed with schizophrenia. <u>See</u> ECF No. 18, pg. 1-3. Plaintiff contends that his lack of legal expertise has resulted in "major mistakes," requiring an amended complaint, and that the case will rely on eliciting expert testimony, which the Plaintiff does not have the skills to perform. <u>See id.</u> The Court finds that these factors represent common circumstances among inmates pursuing litigation in federal court. Indeed, filing amended complaints is often part of the legal process, whether a plaintiff is represented or not. Here, Plaintiff has plainly demonstrated with his filings that he is able to articulate his claims on his own. Plaintiff does not show that his mental health diagnosis impacts his ability to articulate these claims. Further, at the current stage of the proceedings before an answer has been filed or any discovery conducted, Plaintiff has not shown any particular likelihood of success on the merits. Finally, the Court does not find that the issues in this case are likely to involve a factually or legally complex trial.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 18, is denied.

Dated:  December 4, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE