IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRFIELD CITY POLICE DEPARTMENT,<br><br>　　　　Defendant. | No.  2:23-CV-2380-DAD-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions for leave to amend the operative second amended complaint.  See ECF Nos. 22, 26, and 30.  With his motions, Plaintiff has submitted proposed third, fourth, and fifth amended complaints.  See ECF Nos. 23, 27, and 31.

　　　　The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all

1

1   the parties. See Fed. R. Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to
2   amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion.
3   See E. Dist. Cal. Local Rule 137(c).

4   Where leave of court to amend is required and properly sought, the Court
5   considers the following factors: (1) whether there is a reasonable relationship between the original
6   and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial
7   economy and will promote the speedy resolution of the entire controversy; (3) whether there was
8   a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on
9   the merits of the original claim; and (5) whether the opposing party will be prejudiced by
10  amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to
11  amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v.
12  Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

13  Here, Plaintiff initiated this action with a pro se complaint naming the Fairfield
14  City Police Department as the only defendant.  See ECF No. 1.  Plaintiff then filed a first
15  amended complaint as of right under Rule 15 naming Christopher Beck, an officer with the City
16  of Fairfield Police Department, Keith Pulsipher, an officer with the City of Fairfield Police
17  Department, and Christine M. DeLeo, a Solano County deputy district attorney.  See ECF No. 6.
18  In his first claim, Plaintiff alleges that Defendant Beck executed an "illegal" search warrant.  See
19  id. at 3.  In his second claim, Plaintiff alleges that Defendant Pulsipher participated in execution
20  of the search warrant resulting in an illegal search and seizure.  See id. at 4.  In his third claim,
21  Plaintiff alleges that Defendant DeLeo initiated a malicious criminal prosecution against him
22  knowing that the search warrant was illegal for lack of probable cause.  See id. at 5.

23  On May 23, 2024, the Court issued an order addressing the sufficiency of
24  Plaintiff's first amended complaint.  See ECF No. 11.  The Court summarized its findings as
25  follows:

26  > It is unclear from Plaintiff's amended complaint whether
27  > Plaintiff has been convicted based on charges which arose from evidence
    > obtained through the search warrant, or whether Plaintiff is a pre-trial
    > detainee awaiting trial on such charges. If the latter, the Court should
28  > abstain from hearing this matter until such time as criminal proceedings

> against Plaintiff are concluded. If the former, then Plaintiff's claims would be barred unless Plaintiff shows that the conviction has been set aside or invalidated. Plaintiff will be provided an opportunity to amend to clarify his allegations. . . .

Id. at 3.

The Court directed Plaintiff to file a second amended complaint within 30 days of the date of the May 23, 2024, order. See id. at 6.

Plaintiff filed his second amended complaint on June 24, 2024. See ECF No. 15. In the second amended complaint, which is currently the operative pleading in this case, Plaintiff continues to name Beck and Pulsipher as defendants. See id. at 2. Plaintiff no longer names DeLeo as a defendant. See id. Plaintiff re-names the Fairfield Police Department as a defendant. See id. Since filing the second amended complaint, Plaintiff has filed the three pending motions for leave to amend along with three proposed amended pleadings (third, fourth, and fifth amended complaints). See ECF Nos. 22, 23, 26, 27, 30, and 31. The most recent motion for leave to amend and proposed fifth amended complaint were filed on July 25, 2025. See ECF Nos. 03 and 31. The Court will evaluate whether leave to amend the operative second amended complaint is warranted based on Plaintiff's most recent motion, ECF No. 30, and proposed fifth amended complaint, ECF No. 31.

In his most recent motion for leave to amend, Plaintiff states that, since filing this action, his criminal case has been resolved by way of a negotiated plea agreement. See ECF No. 30. Plaintiff seeks to file an amended complaint to assert new facts related to his criminal case. See id. Plaintiff also states that he is abandoning his claim of malicious prosecution. See id. Having considered the factors outlined above, the Court finds good cause to permit Plaintiff to amend his complaint. In particular, Plaintiff seeks to add facts consistent with the Court's prior order addressing Plaintiff's first amended complaint. The Court will address the sufficiency of Plaintiff's amended complaint by separate order.

///

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for leave to amend, ECF Nos. 22, 26, and 30, are granted.

2. This action proceeds on Plaintiff's fifth amended complaint, ECF No. 31, filed on July 25, 2025.

Dated: August 5, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE