**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE P. HAYES,<br>Plaintiff,<br>v.<br>FAIRFIELD CITY POLICE DEPARTMENT, et al.,<br>Defendants. | No. 2:23-CV-2380-DAD-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's fifth amended complaint, ECF No. 31.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Lawrence P. Hayes names the following Defendants: (1) Fairfield City Police Department; (2) Christopher Beck, a Fairfield City Police Department officer; (3) Keith Pulsipher, a Fairfield City Police Department officer; and (4) other unknown police officers. See ECF No. 31, pgs. 1-2.

Plaintiff alleges that on April 7, 2022, at approximately 2:35 a.m., Defendant Christopher Beck "intentionally, maliciously, and deliberately authored a 'fabricated affidavit' for the search of Plaintiff's resident, and the arrest of his person." ECF No. 31, pg. 2. This caused Fairfield City Police to "wrongfully and unlawfully" enter Plaintiff's residence and order all its occupants outside for the duration of the search. See id. Plaintiff alleges that law enforcement shot chemical agents through the windows, utilized a battering ram on the front door, arrested him and his roommate, searched through the entire residence, and seized a variety of items including three dogs. See id. Plaintiff states that "Defendants' search and arrest warrants were 'illegally obtained,' and [have] since been 'invalidated.'" Id.

/ / /

/ / /

/ / /

## II. DISCUSSION

Plaintiff initiates this action against three named Defendants: (1) Fairfield City Police Department; (2) Christopher Beck; and (3) Keith Pulsipher. While Plaintiff has alleged sufficient facts to state a claim against Christopher Beck, Plaintiff has failed to do so for Defendants Pulsipher and Fairfield City Police Department.

### A. Defendant Pulsipher

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, the fifth amended complaint is devoid of any allegations specific to Defendant Pulsipher. Plaintiff's reference to "Defendants" collectively is insufficient. Plaintiff will be provided leave to amend to add additional factual allegations as to Defendant Pulsipher consistent with the legal principles outlined above.

### B. Defendant Fairfield City Police Department

Municipalities and other local government units, such as Defendant Fairfield City Police Department, are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of

liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, the complaint is devoid of any allegations as to a custom or policy of Defendant Fairfield City Police Department which is the moving force behind the violations complained of in the fifth amended complaint. As with Defendant Pulsipher, Plaintiff will be provided an opportunity to amend to allege facts as to a municipal custom or policy resulting in the claimed Fourth Amendment violation.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a sixth amended complaint within 30 days of the date of service of this order.

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE